# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NEVA CAROL OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-CV-749-TCK-PJC |
| ) | |
| CITY OF BARNSDALL, an Oklahoma ) | |
| municipality, and ) | |
| J.D. COLE, individually and ) | |
| in his official capacity, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss and Brief in Support (Doc. 6). Defendants move to dismiss Plaintiff's third, fourth, and sixth claims for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").

## I.    Factual Allegations[1]

Plaintiff began working for the City in July 1988.[2] At the time of her termination, the City employed Plaintiff as a "Water Operator." During her employment with the City, Plaintiff alleges she suffered from depression and anxiety and was disabled as a result. She also claims her male co-workers received pay raises and promotions "more frequently and more rapidly" than her and that she was "harassed, demeaned, intimidated, and disrespected" by her male co-workers, including being referred to as "Carol and her bag full of medicine." (Pet. ¶¶ 17, 18, 20.) Plaintiff's physicians

---

[1] Plaintiff Neva Carol Owens ("Plaintiff") commenced this action by filing a petition in the District Court of Osage County, Oklahoma on October 22, 2013. Defendants City of Barnsdall ("City") and J.D. Cole ("Cole") subsequently removed the case to this Court.

[2] Defendant argues Plaintiff "was actually employed by Barnsdall, Oklahoma Public Works Authority." (Mot. 11.)

apparently found "her work environment was hazardous to her health, and advised Plaintiff to discontinue her employment with Defendant for the sake of her wellbeing [sic]." (*Id.* ¶ 19.) In 2012, Plaintiff took several days off work following her husband's death. Defendant warned her that these absences were unexcused and could lead to her termination but Plaintiff claims these absences should have been excused. Plaintiff was terminated on May 7, 2012 by Cole on behalf of the City.

In her Petition, Plaintiff alleges claims for (1) disparate treatment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), (2) retaliation in violation of Title VII, (3) discrimination in violation of the Americans with Disabilities Act ("ADA"), (4) hostile work environment; (5) unequal pay in violation of the Equal Pay Act, (6) violation of the Family Medical Leave Act ("FMLA"), and (7) equal protection violations. Defendants moved to dismiss Plaintiff's third, fourth, and sixth claims for relief based on pleading inadequacies.

## II.     Rule 12(b)(6) Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248.

### III. Discussion

#### A. ADA Claim

Defendants seek dismissal of Plaintiff's ADA claim on three grounds: (1) Plaintiff's failure to plead exhaustion of administrative remedies; (2) Plaintiff's failure to sufficiently allege facts supporting the elements of her ADA claim; and (3) Plaintiff's failure to state a claim for harassment.

##### 1. Failure to plead exhaustion of administrative remedies

Defendants assert that Plaintiff failed to plead exhaustion of administrative remedies and that, therefore, the Court lacks subject matter jurisdiction over Plaintiff's ADA claim.[3] A plaintiff must exhaust administrative remedies before commencing an ADA action. *Castaldo v. Denver Pub.*

---

[3] Because exhaustion of administrative remedies is a jurisdictional prerequisite to filing suit, Defendants should have moved to dismiss Plaintiff's ADA claim pursuant to Rule 12(b)(1). [Should I say that this doesn't matter because it was merely the result of a typographical error? I feel like I need to acknowledge that it should be 12(b)(1) to show that I'm not applying the wrong standard... but since I'm not really applying a standard at all it doesn't really matter.]

*Schs.*, 276 F. App'x 839, 841 (10th Cir. 2008); *see also* 42 U.S.C. § 12117(a) (incorporating Title VII exhaustion provision from 42 U.S.C. § 2000e-5(e)(1)).

In her response, Plaintiff admits that her Petition only alleges exhaustion of her sex discrimination claims. However, Plaintiff represents to the Court that her EEOC charge included alleged discriminatory acts based on her disability and that failure to allege exhaustion of disability claims in the Petition was merely a "scrivener's error." Based on Plaintiff's representation of exhaustion in the actual EEOC filings, the Court will not dismiss Plaintiff's ADA claim. If it becomes apparent at a later stage in the proceedings that Plaintiff did not actually exhaust her administrative remedies with regard to her ADA claim, Defendants may move for appropriate relief at that time.

2. Failure to sufficiently allege supporting facts

Title II of the ADA provides that: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. To state a claim under the ADA, a plaintiff must allege that (1) she is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Cohon ex rel. Bass v. N.M. Dep't of Health*, 646 F.3d 717, 725 (10th Cir. 2011). The phrase "qualified individual with a disability" refers to "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds." 42 U.S.C. § 12111(8). The ADA defines "disability" as "a physical or mental impairment that substantially

limits one or more major life activities." 42 U.S.C. § 12102(1)(A). "Major life activities" include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 45 C.F.R. § 84.3(j)(2)(ii).

Defendants contend Plaintiff has failed to allege facts supporting one of the elements of her ADA claim, specifically that she has a disability within the scope of the ADA. In her Petition, Plaintiff alleges she "has a disability in diagnoses [sic] anxiety and depression." (Pet. ¶ 38.) Plaintiff does not specifically allege that the anxiety or depression limits one or more major life activities, but Rule 8 does not require such specific allegations. Plaintiff need only allege a plausible claim. A court may "draw on its judicial experience and common sense" and make a reasonable inference based on the facts provided. *Secs. & Exch. Comm'n v. Shields*, 744 F.3d 633, 640-41 (10th Cir. 2014). Here, it is plausible that Plaintiff's depression and anxiety could limit a major life activity. Accordingly, the Court finds that Plaintiff has sufficiently pled the elements of her ADA claim.

### 3. Failure to state a claim for harassment

The Tenth Circuit analyzes harassment/hostile work environment claims under the ADA using the standard that applies to similar claims under Title VII. *McClain v. S.W. Steel Co., Inc.*, 940 F. Supp. 295, 301 (N.D. Okla. 1996). "When the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks and citations omitted). "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work

environment – an environment that a reasonable person would find hostile or abusive – is beyond Title VII's purview." *Id.*

Plaintiff alleges she "was harassed, demeaned, intimidated, and disrespected by her male coworkers throughout her employment with Defendant." (Pet. ¶ 18.) She contends "Defendant's employees made snide remarks to Plaintiff regarding her disability, which included, but was not limited to referring to Plaintiff as 'Carol and her bag full of medicine.'" (*Id.* ¶ 20.) These allegations are Plaintiff's only factual allegations regarding harassment. Construing Plaintiff's allegations in the light most favorable to her, the Court finds that Plaintiff has failed to state a claim for harassment under the ADA. Plaintiff alleges one specific insult used by her coworkers but does not provide any more information regarding severity or pervasiveness. Therefore, her allegations are not sufficient to show that she has a plausible claim for harassment under the ADA; more specificity, especially regarding the severity or pervasiveness of the alleged harassment, is required. *See, e.g.*, *Clay v. United Parcel Serv., Inc.*, --- F. Supp. 2d ---, 2013 WL 5769923, at *7 (D. Kan. Oct. 24, 2013) (finding plaintiff alleged a plausible claim for a racially hostile work environment where plaintiff alleged that (1) he "often overheard racial slurs on the radio," (2) a co-worker told him a joke using racially offensive terms, (3) he complained about a co-worker's confederate license plate and was told he could put a black panther sticker on his car, and (4) management told plaintiff he was a sick person during a hearing about the license plate). Plaintiff's claim for harassment under the ADA is dismissed without prejudice. However, Plaintiff will be permitted to file an amended complaint re-alleging this claim if she believes she can state sufficient facts to support such claim.

### B. Hostile Work Environment Claim

As discussed *supra* Part III.A.3, "Title VII proscribes discriminatory hiring as well as employment practices that permeate the workplace with 'discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Tademy v. Union Pacific Corp.*, 614 F.3d 1132, 1138 (10th Cir. 2008) (quoting *Harris*, 510 U.S. at 21); *see also* 42 U.S.C. § 2000e-2(a)(1) (making it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to this compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . "). In support of her sexually hostile work environment claim, Plaintiff alleges only that "Defendant was aware that Plaintiff was being subjected to repeated harassment that was severe in nature by its employees" and that "Defendant repeatedly allowed its employees to bully, intimidate, demean, degrade, and disrespect Plaintiff." (Pet. ¶¶ 45, 47.) Plaintiff fails to provide any specific information regarding the sex discrimination she allegedly experienced or how such discrimination was sufficiently severe or pervasive to alter the conditions of her employment. Such general allegations do not state a plausible claim for a hostile work environment. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss. While specific facts are not necessary, some facts are.") (internal quotation marks and citations omitted). Plaintiff's claim for hostile work environment is dismissed without prejudice. However, Plaintiff will be permitted to file an amended complaint re-alleging this claim if she believes she can allege sufficient facts to support such claim.

### C. FMLA Claim

Defendants seek dismissal of the FMLA claim on three grounds, each of which is addressed below.

#### 1. Interference

Defendants claim Plaintiff has not adequately alleged that they interfered with her FMLA rights.[4] The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). In support of her FMLA claim, Plaintiff alleges she "was prevented by Defendant from exercising [FMLA] benefits when she was suffering from her mental disability after her husband's death. By denying and interfering with Plaintiff's right to exercise FMLA benefits, Defendant has violated 29 U.S.C. § 2615(a)(1)." (Pet. ¶¶ 57, 58.) Given Plaintiff's allegations, the Court finds it difficult to understand why Defendants argue that "Plaintiff fail[ed] to allege in her Complaint that the City of Barnsdall denied or otherwise interefere[d] with any protected FMLA rights." (Mot. 10.) Nonetheless, Plaintiff has clearly – and sufficiently – alleged that the City interfered with her rights under the FMLA.

#### 2. Eligible employee status

Defendants also claim Plaintiff has not alleged that she qualifies as an "eligible employee" under the FMLA. As used in the FMLA, "eligible employee" means:

---

[4] In the motion, Defendants contend Plaintiff failed to adequately allege a claim for either interference or retaliation under FMLA. In her response, Plaintiff addresses only an interference claim under FMLA, apparently conceding Defendants' arguments regarding a retaliation claim.

8

> an employee who has been employed –
> (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and
> (ii) for at least 1,250 hours of service with such employer during the previous 12-month period.

29 U.S.C. § 2611(2). "Eligible employee" excludes "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." *Id.* § 2611(2)(B).

In support of her claim, Plaintiff alleges she "was eligible for FMLA benefits" and indicates that she "began working for Defendant in July of 1988." (Pet. ¶¶ 13, 57.) These allegations allow the Court to make a reasonable inference that Plaintiff has worked for Defendant for the requisite amount of time and that Defendant employs the requisite amount of people, such that Plaintiff meets the criteria of an "eligible employee" under the FMLA. *See Secs. & Exch. Comm'n v. Shields*, 744 F.3d 633, 640-41 (10th Cir. 2014) (permitting a court to "draw on its judicial experience and common sense" and make a reasonable inference based on the facts provided). Additional specificity is not required at this point in the proceeding.[5]

---

[5] Defendants also argue that Plaintiff failed to show that the City could be liable under the FMLA because it does not employ at least 50 employees within 75 miles of Plaintiff's worksite. Given that Defendants make the same argument with regard to Plaintiff's status as an eligible employee, this basis for dismissal is duplicative and will not be addressed separately.

### 3. FMLA Claim Against Cole in his Individual Capacity[6]

Defendants argue Plaintiff's FMLA claim against Cole in his individual capacity should be dismissed because Cole does not qualify as an employer under the FMLA. The FMLA defines "employer" as follows:

> The term "employer" --
> (i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;
> (ii) includes –
>     (I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and
>     (II) any successor in interest of an employer;
> (iii) includes any "public agency" , as defined in section 203(x) of this title; and
> (iv) includes the Government Accountability Office and the Library of Congress.

29 U.S.C. § 2611(4)(A).

The Tenth Circuit has expressly held that a suit for money damages against a state officer in his individual capacity is not barred by Eleventh Amendment immunity, even where the state was obligated by statute to indemnify the state officer for any FMLA damages recovered. *Cornforth v. Univ. of Okla. Bd. of Regents*, 263 F.3d 1129, 1132-33 (10th Cir. 2001) (reasoning that a "state cannot extend its sovereign immunity to its employees by voluntarily assuming an obligation to indemnify them" and rejecting argument that the state was the "real party in interest" to the individual capacity FMLA claim). Because the case was on interlocutory appeal of immunity rulings, the court did not reach the statutory argument of whether the term "employer," as used in

---

[6] Defendants seek dismissal of any tort, Title VII, ADA, or FMLA claims against Defendant Cole in his individual capacity. In her response, Plaintiff acknowledges that she has not alleged any tort claims against Cole and concedes the dismissal of her claims under Title VII and the ADA against Cole in his individual capacity, leaving only her FMLA claim.

10

the FMLA, should be interpreted to "include individual supervisors." *Id.* at 1135. Thus, the Tenth Circuit has rejected an immunity argument but has not squarely addressed the interpretive statutory question presented here.

Other Circuit Courts of Appeals are split on the question of whether public employees may be deemed "employers" under the FMLA and therefore held individually liable for money damages. *Compare Mitchell v. Chapman*, 343 F.3d 811, 832 (6th Cir. 2003), *and Wascura v. Carver*, 169 F.3d 683, 687 (11th Cir. 1999) (finding individual public employees are not "employers" under the FMLA), *with Modica v. Taylor*, 465 F.3d 174, 184-86 (5th Cir. 2006), *and Darby v. Bratch*, 287 F.3d 673, 680-81 (8th Cir. 2002) (finding individual public employees fall within scope of FMLA). Lacking express Tenth Circuit guidance, district courts in Oklahoma have followed the Fifth and Eighth Circuits and held that individual public employees satisfy the definition of "employer" in the FMLA. *See Roberts v. LeFlore Cnty. Hosp. Auth.,* No. CIV-13-189-KEW, 2014 WL 1270422, at *4 (E.D. Okla. Mar. 26, 2014) (citing *Cornforth* and reasoning that "it would appear to be an academic exercise to reach the conclusion in *Conforth* [sic] if individual liability could not be conferred on public employees"); *Jeffers v. Redlands Comm. Coll. Bd. of Regents*, No. CIV-11-1237-HE, 2012 WL 137412, at *2 (W.D. Okla. Jan. 18, 2012) (holding that the "definition of 'employer' is inclusive and subsections (ii) and (iii) should be read together").

This Court agrees with the reasoning of these Oklahoma district courts, as well as the reasoning set forth by the Fifth and Eighth Circuits. The Court therefore holds that a public employee sued in his individual capacity may be deemed an "employer" under the FMLA if that individual "acts, directly or indirectly, in the interest of an employer to any of the employees of such

11

employer." 29 U.S.C. § 2611(4)(A)(ii)(I).[7] Plaintiff alleges Cole, as mayor of the City, was "the final policymaker and had final decision making authority over the incidents alleged herein." (Pet. ¶ 3.) Therefore, the Petition alleges sufficient facts to state a plausible claim for relief against Cole. Accordingly, Defendants' motion to dismiss the FMLA claim asserted against them in their individual capacities is denied.[8]

## IV.    Conclusion

Defendants' Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 6) is GRANTED in part and DENIED in part as follows:

<u>Third Claim for Relief - Discrimination under the ADA</u>:

- Granted as to Plaintiff's claim against Cole in his individual capacity.

- Denied as to Plaintiff's discrimination claim against the City under the ADA, and granted as to Plaintiff's claim of harassment/hostile work environment against the City under the ADA.

<u>Fourth Claim for Relief - Hostile Work Environment</u>:

- Granted as all Defendants.

<u>Sixth Claim for Relief - Interference under the FMLA</u>:

- Denied.

---

[7] If and to the extent Cole contends he does not factually satisfy the definition of one who acts, directly or indirectly, in the interest of the City or to any of the City's employees, such argument can be made at later stages of the proceeding. *See Roberts*, 2014 WL 1270422, at *4 & n.4 (failing to reach this question at motion to dismiss stage due to lack of factual development).

[8] Cole has not yet answered or asserted any affirmative defenses, such as qualified immunity. If raised, such defenses will be addressed at a later time. *See generally Modica*, 465 F.3d at 187-88 (concluding that state employees had qualified immunity for individual capacity claims because law was not clearly established, at time of violation, that executive director of state agency could be deemed "employer" under FMLA).

12

Plaintiff shall be granted 15 days from the date of this order to file an amended complaint which sets forth a plausible claim for harassment under the ADA and hostile work environment under Title VII.

**IT IS SO ORDERED this 27th day of May, 2014.**

_Terence Kern_
**TERENCE KERN**
**United States District Judge**